UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EDNA IGARTUA,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                                                         21 CV 6001 (ENV)(LB)

  -against-

POLICE OFFICER DANNY SU,

                Defendant.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff requests leave to amend her complaint. ECF No. 46. Although plaintiff does not attach a proposed amended complaint to her request, plaintiff states that she seeks to amend her complaint to name the "entire 79th Precinct" and to include "the real scope" of the 79th Precinct's "unprofessional" conduct and "mistreatment." ECF No. 46. Plaintiff additionally states that the 79th Precinct has "done nothing about" her "forced enslaved prostitution in an [sic] mental health housing program" and has violated her right to freedom of religion and her "right to chose [sic] to do my will in my life." <u>Id.</u> It is respectfully recommended that plaintiff's request to amend should be denied pursuant to 28 U.S.C. § 636(b)(1)(B) for the reasons set forth below.

## DISCUSSION

       The Court may give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to give leave to amend, the Court considers a number of factors, including whether there is "undue delay, bad faith, undue prejudice to the opposing party, or futility." <u>In re 'Agent Orange' Prods. Liab. Litig.</u>, 220 F.R.D. 22, 24 (E.D.N.Y. 2004) (quoting <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993)).

       Plaintiff's original complaint alleged that she was falsely arrested on November 29, 2020 and she named the New York City Police Department, the 79th Precinct, and unidentified detectives

in the 79th Precinct as defendants. ECF No. 1. On November 4, 2021, Judge Vitaliano dismissed plaintiff's claims against the 79th Precinct and the New York City Police Department.[1] See ECF No. 5. Plaintiff cannot amend her complaint to add a defendant that has already been dismissed from this action. As such, granting leave to amend to name the "entire 79th Precinct" would be futile.

Plaintiff's request is also untimely. The Court set September 23, 2022 as the deadline to join other parties and amend the pleadings under Federal Rule of Civil Procedure 16(b)(3)(A). ECF No. 28. Plaintiff requested an extension of this deadline, ECF No. 29, and the Court extended the deadline to September 30, 2022. ECF No. 30. Plaintiff did not file an amended complaint, and over six months have passed since the deadline to do so. Plaintiff has not shown good cause for why she failed to amend within the time set by the Court.[2]

## CONCLUSION

As such, it is respectfully recommended that plaintiff's request for leave to amend to allege additional claims—such as "the real scope" of the 79th Precinct's "unprofessional" conduct and "mistreatment"—should be denied.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

---

[1] Plaintiff's claims against the officer who allegedly arrested her were allowed to proceed. ECF No. 5. The Court then directed the Office of Corporation Counsel (the "Office") to identify the arresting officer pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Id. On December 21, 2021, the Office identified the officer as Police Officer Danny Su, and the Court deemed the complaint amended accordingly. ECF Nos. 6, 7.

[2] The Court notes that plaintiff is enjoined from filing in forma pauperis actions in the Eastern District of New York without first obtaining leave of Court. See Igartua v. The Police Dept., No. 19-CV-5831 (ENV)(LB); see also In re Igartua, No. 19-MC-3256 (ENV), ECF No. 1 (setting forth a protocol for implementing plaintiff's filing injunction). Plaintiff was granted leave to file the instant complaint.

filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: April 20, 2023
       Brooklyn, New York