UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
EDNA IGARTUA,                                   :
                                                :
                            Plaintiff,          :
                                                :        MEMORANDUM & ORDER
                    -against-                   :
                                                :        21-CV-6001 (ENV) (LB)
POLICE OFFICER DANNY SU,                        :
                                                :
                            Defendant.          :
-------------------------------------------------------------- x

VITALIANO, D.J.

On April 11, 2023, pro se plaintiff Edna Igartua filed a letter motion requesting leave to amend her complaint to join as defendants the "entire 79th Precinct" of the New York Police Department (NYPD).  ECF Dkt. 46.  This Court previously dismissed plaintiff's claims against the 79th Precinct, ECF Dkt. 5, and had also granted plaintiff an extension to file an amended complaint until September 30, 2022.  ECF Dkt. 30.  Plaintiff's current request to amend her complaint thus comes more than six months past the extended deadline.

On April 20, 2022, Judge Bloom issued a Report and Recommendation (R&R) recommending, on two bases, that the Court deny plaintiff's request.  ECF Dkt. 48.  First, Judge Bloom found, such amendment would be futile, as the Court has already dismissed the defendants that plaintiff seeks to add to the action.  Second, plaintiff's request is untimely, and she has not shown good cause for her failure to amend by the extended deadline set by the Court. After receiving yet another extension, this time to file an objection to Judge Bloom's R&R, plaintiff timely filed a document styled as a "MOTION for Reconsideration" but, as such, was docketed as an objection to the R&R.

1

Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). "But, as to 'those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record' in order to accept it." *Freedom Mortgage Corp. v. Powell*, No. 2:18-CV-4265 (ENV) (CLP), 2020 WL 4932145, at *1 (E.D.N.Y. Aug. 24, 2020) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)).

Discussion

Although plaintiff filed a document ostensibly in response to the R&R, she nowhere objects to either of Judge Bloom's bases for recommending the denial of her motion. Instead, the document simply rehashes, over thirty-four pages, the narrative of plaintiff's various allegations. Because plaintiff has failed to object, or even acknowledge, Judge Bloom's findings as to the futility of an amendment and the failure to show good cause, the Court reviews the R&R as unopposed by any timely written objection.[1]

In accordance with the applicable clear-error standard of review, *see Dafeng Hengwei*

---

[1] In any event, the Court would reach the same conclusion under *de novo* review. Plaintiff has given no explanation for her delay in amending, nor why "justice so requires" granting leave, Fed. R. Civ. P. 15(a)(2), when, with no new facts shown, the amended complaint would merely add back parties the Court has already dismissed.

*Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014), the Court has carefully reviewed Judge Bloom's report and recommendation and finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court. Accordingly, plaintiff's motion to amend her complaint is denied.[2]

## Conclusion

For the foregoing reasons, the R&R is adopted in its entirety and plaintiff's motion for leave to amend her complaint is denied.

So Ordered.

Dated: Brooklyn, New York
May 25, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

---

[2] Assuming Igartua's filing was an effort to seek reconsideration of the Court's prior rulings, she points to no facts overlooked by the Court or any change in law suggesting that those rulings ought to be altered in any way. Reconsideration would be denied on that basis. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).